**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA**

WALTER BERNARD and
WYNTON BERNARD,
Plaintiffs,

Case No. 2:23-mc-427

v.

PHILIP A. IGNELZI, in his capacity
As Allegheny County Judge.

Defendant.

PLAINTIFFS' EX-PARTE APPLICATION
TEMPORARY RESTRAINING ORDER

**PLAINTIFFS' APPICATION FOR TEMPORARY RETRAINING ORDER**

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiffs Walter Bernard and Wynton Bernard, hereby applies to this Court for a temporary restraining order ("TRO"). In support of the motion, Plaintiffs avers as follows:

1. Plaintiffs bring this action to halt Defendants' unfair disclosures of sensitive personal information while asserting their Constitutional Rights. As part of a pending Pennsylvania State Law case, Plaintiffs were ordered on April 27, 2023 by Defendant Judge Phillip Ignelzi to Pennsylvania Trial Court to disclose pertinent financial information while the issue is on appeal with the Pennsylvania Superior Courts. The Order states that if Plaintiffs don't turn all information to Defendant 9795 Perry Highway Management, Inc. by 5pm on May 1st, 2023, that Plaintiffs will be held in contempt and incarcerated until Plaintiffs comply.

2. Pennsylvania Rules of Civil Procedure require that the Pennsylvania State Trial Courts may not interfere with an issue that is on appeal with the Superior Court 210

Pa. Code §1701. As a result of the outstanding Order, Plaintiffs will suffer irreparable harm if this Court does not grant the TRO.

3. Plaintiffs seeks a TRO from temporarily restraining and enjoining Defendants from requiring Plaintiffs from disclosing their personal financial information.

4. Pursuant to Fed. R. Civ. P. 65(b)(1), Plaintiffs will suffer immediate and irreparable loss or damage will result to the movants before the adverse party can be heard in the opposition because a sheriff's warrant will be issued if Plaintiffs don't submit all of their financial information to the opposition.

5. Plaintiffs submitted an Emergency Petition to the Defendant on April 5, 2023 and it was denied on Friday, April 28, 2023. A day before the denial, the Defendant entered an Order on April 27, 2023 that Plaintiffs had three days to turn over their financial documents.

6. Pursuant to Fed R. Civ. P 65(b)(2), Movant's attorney, just received the order denying to stay the court order on Friday, April 28, 2023 and should not be required to notify Defendant at this time because it will not cause any harm and the status quo of the parties will not be disturbed.

7. A memorandum in support of TRO and proposed TRO are filed concurrently.

WHEREFORE, Plaintiffs respectfully requests that this Court grant this motion by entering the proposed TRO.

Dated May 1, 2023.

Respectfully Submitted,

*/s/ Walter A. Bernard, Esquire*
Walter A. Bernard, Esquire
Pa ID 321994
Law Offices of Walter A. Bernard, PLLC
100 S Commons Suite 102
Pittsburgh, PA 15212
Telephone: (412) 206-9498
Facsimile: (412) 226-4049
walt@waltbernardlaw.com

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' APPLICATION FOR TRMOPORARY RESTRAINING ORDER**

**TABLE OF CONTENTS**

I. INTRODUCTION....................1

II. FACTS....................2

A. DEFENDANTS

B. DEFENDANT'S VIOLATION OF PLAINTIFFS' RIGHTS UNDER 1983 and US CONSTITUIION....................3

III. TEMPORARY RESTRAINING ORDER SHOULD ISSUE AGAINST DEFENDANTS

A. This Court Has the Authority to Grant the Requested Relief

B.

C. Plaintiffs

D. The Equities Weigh In Favor Of Granting Injunctive Relief

E. The Equities Weigh in Favor of Granting Injunctive Relief

IV. CONCLUSION..........................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

Adams v. Freedorm Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000)..............................................

Allegheny Energy, Inc. V. DQE, Inc., 171 F. 3d 153, 158 (3d Cir. 1999)..............................

Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)..

Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa.1994).......

Constructors Association of Wester Pa. V. Kreps, 573 F 2d 811, 815(3d Cir. 1978).....

Council of Alternative Political Parties v. Hooks, 121 F. 3d 878, 883-84 (3d. Cir 1997)......

Crissman V. Dover Downs Entertainment Inc., 239 F. 3d 357, 364(3d Cir. 2001).........

Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).....



In re Arthur Tracher's Franchisee Litigation, 689 F. 2d 1137 (3d. Cir 1982).........

Mitchum v. Foster, 407 U.S. 225 (1972)....................

Nixon v. Administrator of General Services, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)........................................................................................................................

Punnett v. Carter, 621 F. 2d 578, 583 (3d Cir. 1980).....................

Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)...................................

Whalen v. Roe, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977)..........................

Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971).........

**Statutes**

28 U.S.C. § 2283..................

28 U.S.C. § 1343 (3)

28 U.S.C. § 1331

42 U.S.C. §1983..........................................................................................................1

**Rules**

Fed. R. Civ.P 65(d).....

## I. INTRODUCTION

Plaintiffs seek immediate injunctive relief from a Pennsylvania State Court's Order ("the Order") entered on April 27, 2023 after asserting their Constitutional Rights under the First Amendment as applied through Fourteenth Amendment and violation of 42 U.S.C. §1983.

The Order requires Plaintiffs to disclosure personal financial information such as their bank account information and federal tax returns. Plaintiffs and Defendant 9795 Perry Highway Management Inc., are parties to an ongoing litigation where a State Court Judgment was entered by the State Court. The judgment did not give the parties a sum certain amount and the

Pennsylvania State Court is currently deciding on the issue. At issue in the state court is whether a parties must participate in discovery of aid of execution and disclose assets when the judgment contains a condition rending execution impossible. The matter was on appeal as of March 24, 2023 before the Superior Court of Pennsylvania. On April 27, 2023 and while the matter was on appeal, the trial court ordered Plaintiffs to turn over all financial information within three days or they would be thrown in jail for contempt of court. On or about April 5, 2023, Plaintiffs submitted an Emergency Petition to Stay All Matters relating to the case until the trial court held a hearing to determine the judgment amount.

On April 28, 2023, the trial court denied Plaintiffs' Emergency Petition that was sent to the trial court on April 5, 2023. Plaintiffs seek an ex-parte injunction to prevent the deprivation of their liberty rights from violating a state court's order.

A temporary retraining order ("TRO") is necessary to immediately halt Defendants' illegal practices and protect Plaintiffs' Constitutional Rights whose personal information and liberty rights will be deprived without this Court's intervention. This relief is critical to prevent further harm and preserve the Court's ability to provide effective final relief.

## II. FACTS

### A. Plaintiffs

Plaintiff Walter Bernard and Wynton Bernard guarantors and co-owners of Amaze Me, LLC, a business that primarily operates as a custom Escape Room for family entertainment.

### B. Defendants

Defendant 9795 Perry Highway Management, Inc. is a Pennsylvania registered business with a registered address of ########## in Pittsburgh, Pennsylvania. It primarily functions as a

landlord of commercial property in Western Pennsylvania. Defendant is the former landlord of Plaintiffs' business Amaze Me, LLC.

Defendant Allegheny County

According to the Pennsylvania Rules of Civil Procedure, when a collateral order is on appeal, the Pennsylvania Trial Court may not disturb the issue.

pursuant to the First Amendment as applied through the thghou......Plaintiffs a

Plaintiffs have desired to place a bond for the amount to prevent the disclosure of their assets. However, Plaintiffs and pursuant to the state court's judgment are entitled to a credit to prevent double-recovery. Plaintiffs have sought twice to have the state court to intervene to determine that amount of Judgment so that an amount can be determined.

Defendants are unable to execute because they have not given Plaintiffs a credit as to the amount in question. Currently, a case is scheduled in State Court for May 4, 2022 to determine the amount.

Plaintiffs sent to the state Court on April 4, 2023 an Emergency Petition to Stay all Proceedings until an amount could be determined. While the Emergency Petition was pending and Plaintiffs' waited for the Court to make a determination to stay all proceedings, the Court issued an Order that Plaintiffs were to disclose all discovery matters by or be in contempt of court with jail time by close of business on May 1, 2023.

Plaintiffs reached out again to the court asking about their Emergency Petition that was sent over earlier in the month. The State Court denied the Motion on Friday,

**Anti-Injunction Act**

Under the Anti-Injunction Act, a court of the United States may not grant an injunction to stay proceedings in a State court except as: 1) expressly authorized by an Act of Congress; 2) where necessary in aid of its jurisdiction; or 3) to protect or effectuate its judgments. 28 U.S.C. § 2283. A federal court may grant an injunction when an exception to the Anti-Injunction Act applies. Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 286

(1970). These three exceptions "are narrow and are 'not to be enlarged by loose statutory construction.” Id.

Judicial restraint mandated by the Anti-Injunction Act is not absolute and that there is an equitable exception in extraordinary circumstances that allows a court to issue an injunction. Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

**a)Expressly authorized by an Act of Congress**

A federal statue qualifies as an expressly authorized exception if it creates a specific and uniquely federal right or remedy enforceable in a federal court of equity that could

**b) Necessary in Aid of Its Jurisdiction**

Violation of First and Fourteenth of the United States Constitution

The Fourth Amendment protects the security of persons in "their" papers. The confidentiality branch of the right to privacy protects persons against disclosure of their personal affairs by government. Whalen, 429 U.S. at 599, 97 S.Ct. at 877; Westinghouse, 638 F.2d at 577.

U.S. Const. Amend. I. The Fourteenth Amendment to the United States Constitution further provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. Amend. XIV.

The Supreme Court has recognized a right of personal privacy which encompasses two types of interests. 1) is the individual interest in avoiding disclosure of personal matters, and 2) the interest in independence in making certain kinds of important decisions. Whalen v. Roe, 429 U.S. 589, 599-600, 97 S.Ct. 869, 877, 51 L.Ed.2d 64 (1977).

These interests have been termed the "confidentiality" and "autonomy" branches of the right of privacy. The confidentiality branch protects an individual's right not to have his affairs made public by the government. U.S. v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980). The confidentiality branch is applicable in Plaintiffs' case because the autonomy branch relates to matters pertaining to family relationships. Hunter v. S.E.C., 879 F. Supp. 494 (E.D. Pa. 1995).

Privacy Concerns

Personal financial information is entitled to privacy protection. Fraternal Order of Police, Lodge No. 5 v. City of Philadelphia, 812 F.2d 105, 115 (3d Cir. 1987). See also In re McVane v. Federal Deposit Insurance Corp., 44 F.3d 1127, 1140 n. 4 (2d Cir. 1995) (rejecting argument that there are no constitutionally protected privacy interests in bank statements and financial data); DeMasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982) (private individuals have legitimate privacy expectation regarding income); Plante v. Gonzalez, 575 F.2d 1119, 1136 (5th Cir. 1978) ("Holding that financial privacy is a matter of serious concern, deserving strong protection.").

The Federal Courts have determined that when a party has a legitimate or reasonable expectation of privacy, financial information is protected. Fraternal Order of Police, 812 F.2d at 112; Kimberlin v. U.S. Dept. of Justice, 788 F.2d 434, 438 (7th Cir. 1986); Slayton v. Willingham, 726 F.2d 631, 635 (10th Cir. 1984). Disclosure of confidential personal data may nevertheless be compelled where there is an overriding public interest in obtaining the

data. Westinghouse, 638 F.2d at 5178 (articulating multi-factor balancing test essentially to weigh need for and risk of harm from disclosure of personal information in determining when governmental intrusion into individual's privacy is justified).

Here, there is no overriding public interest in obtaining Plaintiffs' financial data because as mentioned earlier, the is no ability to execute on any pending judgments at this time.

Generally, federal injunctive relief against pending state proceedings are generally disfavored, but may be appropriate in certain exceptional circumstances, such as when there is: 1) irreparable injury or 2) bad faith on the part of state officials. Mitchum v. Foster, 407 U.S. 225 (1972).

Here, Plaintiffs will suffer an irreparable injury in disclosing their financial information because once the information is disclosed, they are unable to reverse the action since the confidential information would have already been exposed.

There is a bad faith on the part of the state officials because the Order requiring Plaintiffs to disclose their financial information or go to jail was made 1) after the state official knew the issue was on appeal and 2) after the Plaintiffs sent an Emergency Petition to Stay all Proceedings on April 5, 2023, the state official took three weeks to rule on their application, Ordered

Plaintiffs to compel all financial discovery and then following day April 28, 2023, denied their emergency application.

Here, a Pennsylvania State Judicial Official will deprive Plaintiffs of rights protected by the by the First and Fourteenth Amendments of the United States Constitution. Relying upon 42 U.S.C. § 1983, seeks injunctive relief against the state court proceedings, on the ground that the Pennsylvania laws are being unconstitutionally applied by the state court so as to cause Plaintiffs great and irreparable harm.

**42 U.S.C.§1983**

In order to state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statue proximately caused by conduct of a person acting under color of state law. A person who acts under color of state law to violate another's constitutional rights may be liable for injunctive relief.

**Monell**

Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694 (1978), a municipality can be held liable under §1983 only if the plaintiff shows that the violation of his federally protected rights resulted from the enforcement of a "policy" or "custom" of the local government.

Here, Monell applies because the violation of Plaintiffs' federally protected rights resulted from the enforcement of the policy of the Allegheny County Courts. Specifically, Petitioners are required to submit their motions/applications to the Judge overseeing the issue at

hand. Subequently, a petitioner according to Allegheny County Courts, are to receive direction on what to do next. Plaintiffs were told that the court would get back to them. As Plaintiffs waited, the State Court never got back to them pertaining to their Application. Instead, the State Court held a hearing. When Plaintiffs email the court after the Order, the court denied it.

In Mitchum v. Foster, 407 U.S. 225 (1972), the United States Supreme Court held that § 1983 authorizes federal court injunctions of state proceedings, and that § 1983 actions, like the instant action, are specifically excepted from the Anti-Injunction Act. The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights-to protect the people from unconstitutional actions under color of state law, whether the action be executive, legislative or judicial. Id.

To state a claim under §1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill, 455 F.3d at 233-34.

To determine what process is due in a particular situation, courts consider three factors: first the private interest at stake; second, the risk of erroneous deprivation of that interest through the procedures used and the probable value of different procedures; and 3) the government's interest. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Id. at 333, 96 S.Ct. 893. To sustain a claim under §1983 based on a violation of procedural due process, plaintiffs must, at a minimum, prove recklessness or gross negligence and in some instance may be required to show a deliberate decision to deprive the

plaintiff of due process. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1277 (3d Cir. 1994).

Here, there is violation of due process when the Plaintiffs had to wait three weeks to get their Emergency Motion Heard by the State Court. Waiting three weeks on an emergency, is negligence because Plaintiffs through counsel relied on the State Court to get back to them as promised. Moreover, Thus, injunctive relief under § 1983 should be granted.

"Under said doctrine, as applied in Middlesex County Ethics Comm'n v. Garden State Bar Assoc., 457 U.S. 423 (1982), the court finds that this case presents an extraordinary circumstance."

**Butler v. Judicial Inquiry Commission, 111 F. Supp. 2d 1241 (M.D. Ala. 2000)**

"The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights — to protect the people from unconstitutional action under color of state law, whether that action be executive, legislative or judicial.

**The standard set forth in Younger is not appropriate because the state proceedings are being undertaken in bad faith or other extraordinary circumstances**

Younger in general

This Court's consideration of the ongoing state ethical proceedings could raise questions under Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971). Younger reflects a longstanding public policy based on principles of comity and federalism, of allowing state courts to handle cases-already pending without federal court interference.

The Third Circuit set forth the following test for when Younger abstention is appropriate:(1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise federal claims. However, even if the necessary predicates exist, Younger abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted. Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).

Bad Faith

According to the Pennsylvania Rules of Civil Procedure, Pa.R.A.P. 313(a), *an appeal may be taken as of right from a collateral order of an administrative agency or lower court.*" Here, the state court allowed Discovery in Aid of Execution when it was impossible to execute on the parties' state court judgment. The State Court allowed Discovery in Aid of Execution lifting indefinite stay until the parties had a hearing as to the judgment amount. Although, not required, Plaintiffs filed an Application to Stay all proceedings. Pursuant to Pennsylvania Rules of Civil Procedure 1701(a)...***after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter***. Moreover, P.A.R.C.P. 1701 (c) pertains to limited matters in dispute and states in pertinent part that:

*Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by*

*the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant*. P.R.C.P 1701(c).

Here, Plaintiffs' appealed the March 21, 2023 Court Order which is a collateral appeal pertaining PRCP 313 of the Pennsylvania Rules of Civil Procedure. The State Court was aware of the appeal. Although, the appeal was within the Appellate Court's Jurisdiction, contrary to P.R.C.P1701, Plaintiffs' First Amendment Rights and the submission of their Application to Stay all Proceedings, the State Court ordered Plaintiffs to turn over all of their financial information.

Here, there is an ongoing state proceeding, which implicate state interests as to whether Discovery in Aid of Execution under Pennsylvania Rule when execution is impossible. The matter is of first impression and the is pending before the state court. Thus, it seems that the Younger doctrine would apply. However, the state proceedings are being taken in bad faith and there are extraordinary circumstances that exist.

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." Id. Moreover, it is only if the first two prongs are satisfied that the court must inquire into the final two factors. Tenafly, 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982). However, if a plaintiff proves the first two requirements, it will almost always be the

case that the public interest favors preliminary relief, Issa, 847 F.3d at 143, leaving the crux of the matter to the balance of competing interests.

In Mulholland, 706 F.3d at 238, a case similar to plaintiff Z.N.'s claims. The Third Circuit, id., stated:

At the hearing, Judge questioned by was there an appeal to the to allow Discovery in Aid of Execution to Proceed. The Judge's Order was done in sought to stay all proceedings until the interpretation of the court be heard.

A judgment was rendered to set a petition for an amount but that could do Discovery in Aid of Execution.

The crux of the issue on appeal is if the ability to execute is impossible, then how can there be Discovery in Aid of an Execution that is impossible?

Knowing that **** filed a Motion for Sanction. The court sent out a Microsoft Teams invite for the ***** without checking the court moved the date to April 27.

On the following day Plaintiffs submitted an emergency application to stay all matters and have the bond hearing, hearing to determine the amount of the judgment and the Motion for Sanctions. The Court stated that it would get back to Plaintiffs pertaining to the Emergency Motion. Plaintiffs never heard back from the Court. On April 27, 2023, Plaintiffs called to check in with the court. Plaintiffs stated that

On Friday, April 202.....Plaintiffs inquired about the Emergency Application to Stay. The Application was denied.

**I. <u>State proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted.</u>**

Nixon v. Administrator of General Services, 433 U.S. 425, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977), Appellant claimed a privacy right under the First Amendment in the "non-disclosure of discovery not yet admitted into the judicial record of the underlying action.

the individual interest in avoiding disclosure of personal matters" Whalen v. Roe, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977)

**THE TEMPORARY RESTRAINING ORDER SHOULD BE GRANTED BECAUSE IT MEETS THE FOUR FACTOR TEST**

A preliminary injunction is warranted if the movants can demonstrate 1) whether the movants will be irreparably injured by denial of the relief; (2) whether granting preliminary relief will result in even greater harm to the nonmoving party; (3) whether granting the preliminary relief will be in the public interest; and (4) whether the movant has shown a reasonable probability of success on the merits Crissman V. Dover Downs Entertainment Inc., 239 F. 3d 357, 364 (3d Cir. 2001). These factors are also used to determine a motion for temporary retraining order. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa.1994).

These court must engage in a delicate balancing of all elements, and attempt to minimize the probable harm to legally protected interest between the time of the preliminary injunction to the final hearing on the merits. Constructors Association of Wester Pa. V. Kreps, 573 F 2d 811, 815(3d Cir. 1978). The movant bears the burden of establishing these elements. Adams v. Freedom Forge Corp., 204 F.3d 475, 486 (3d Cir. 2000).

**Irreparable Injury**

The risk of irreparable harm cannot be speculative; "mere risk" of irreparable harm is insufficient—the movant must make a "clear showing of immediate irreparable injury, or a

presently existing actual threat; [an injunction] may not be used simply to eliminate the possibility of a remote future injury, or a future invasion of rights[.]" Holiday Inns of Am. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969).

**Harm to the Non-Moving Party**

The third prong of the test requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017).

Here, when balancing the harms of the Plaintiffs and the Defendant, the balance clearly weighs in favor of the Plaintiffs because they will be harmed by turning over Constitutionally protected information. If Plaintiffs don't turn the information, it will not cause any harm to the Defendant. Thus, the third prong is met.

When granting injunctive relief, the courts determine whether granting the relief will result in greater harm to the non-moving party than to the movant. Allegheny Energy, Inc. V. DQE, Inc., 171 F. 3d 153, 158 (3d Cir. 1999).

Public Interest

The courts consider whether granting the preliminary relief will be in the public interest. Allegheny, 171 F. 3d at 158. Here, there is a public interest in protecting confidential information as the public has a private interest. Plaintiffs have a constitutionally protected right in their federal tax returns. The public interest would be best served by delaying enforcement of

the State Court's Order. Moreover, in the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutionally rights. Council of Alternative Political Parties v. Hooks, 121 F. 3d 878, 883-84 (3d. Cir 1997).

Reasonable probability of success on the merits

It is not necessary that the moving party's right to a final decision....the burden is on the party seeking the relief to make a prima facie case showing a reasonable probability that it will prevail on the merits. Punnett v. Carter, 621 F. 2d 578, 583 (3d Cir. 1980).

Where factors of irreparable harm, interest of third parties and public considerations strongly favor the moving party, an injunction might be appropriate even though plaintiffs did not demonstrate as strong a likelihood of ultimate success as would generally be required. In re Arthur Tracher's Franchisee Litigation, 689 F. 2d 1137 (3d. Cir 1982).

TRO

Inadequcy of remedies at law

42 U.S.C. 1983 vests federal ourts with the power to enjoin a person actingn under color of state law from depriving a United Stater citizen or other person within the nation's jurisdiction of any rights, privileges or immunities secured by the Constituion and laws od the United States

WHEREFORE PLAINTIFFS respectfully request based on the three statitutor exception.FEDERAL PLAINTIFF MUST FIT HIS PRAYER FOR INJUNCTIVE RELIEF UNDER ONFOF these three statuory exceptions!!!!!!!!

Irreparable Injury Standard